**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **RICHARD CURRAN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **26-12518-BEM** |
| ) | |
| **BLACKROCK TCP CAPITAL CORP.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO TRANSFER**

**MURPHY, J.**

It is clear from the two motions at issue that neither party wishes to be here. Plaintiffs Richard Curran, Claude Comegna, Meridith Jones, and Antonio Inoa (collectively, "Plaintiffs") argue the Court should remand this case back to state court. Defendants Blackrock TCP Capital Corporation ("Blackrock") and Robert G. DiPaolo (collectively, "Defendants") argue for transfer to the United States District Court for the District of Delaware. For the foregoing reasons, the Court will grant Defendants' motion to transfer.[1]

**I.    Factual and Procedural Background**

The Court draws the following facts from Plaintiffs' complaint, Dkt. 2-4 ("Complaint" or "Compl."), and treats them as true for the purposes of the instant motions. The following is an abbreviated summary of the facts, most of which are not relevant to either pending motion.

---

[1] For reasons explained *infra*, the Court declines to rule on Plaintiffs' motion to remand.

Plaintiffs are former employees of Newpro Operating, LLC ("Newpro"), a Woburn, Massachusetts-based business. *Id.* ¶ 1. Blackrock, an asset management and investment firm, provided financing to Renovo Home Partners, LLC, the parent company of Newpro. *Id.* ¶¶ 13–14. In 2025, when Renovo was unable to finance its debt, Blackrock assumed control over Renovo and its subsidiaries, including Newpro. *Id.* ¶ 14. Renovo subsequently declared bankruptcy under Chapter 7 of the United States Bankruptcy Code. *Id.* ¶ 16. On or about October 28, 2025, all of Renovo's subsidiaries, including Newpro, were shut down, leading to Plaintiffs' termination. *Id.* ¶ 18. Despite assurances from Newpro, Plaintiffs allege they were not paid on their final pay date, October 31, 2025. *Id.* ¶ 20.

Plaintiffs filed a class action lawsuit in Massachusetts Superior Court on April 14, 2026. *See generally id.* They bring one claim for non-payment of wages in violation of Mass. Gen. Laws ch. 149, § 148. *Id.* ¶¶ 31–33. On June 3, 2026, Defendants removed the case to this Court. Dkt. 2. On June 11, 2026, Plaintiffs filed a motion to remand to state court. Dkt. 11. On June 15, 2026, Defendants filed a motion to transfer the case to the District of Delaware, where Renovo has commenced voluntary Chapter 7 bankruptcy proceedings. Dkt. 13; *see also* Dkt. 14 at 5. The Court held a hearing on July 17, 2026, and took both motions under advisement.

## II.    Discussion

### A.    Jurisdiction under 28 U.S.C. § 1332

The Court begins, as it must, with its own subject matter jurisdiction. Defendants raise two justifications for removal: diversity jurisdiction and relation to ongoing federal bankruptcy proceedings. Dkt 2 at 6. The Court first addresses diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs dispute whether the alleged amount in controversy exceeds the required $75,000

threshold.[2]  Dkt. 11 at 5–9.  They argue that Defendants impermissibly aggregated the claims of the individual plaintiffs, and that, if considered independently, no individual plaintiff's damages exceed $75,000.

As the parties invoking diversity jurisdiction, Defendants bear the burden of proof at this stage.  *Pruell v. Caritas Christi*, 645 F.3d 81, 84 (1st Cir. 2011) ("[T]he burden of proof on jurisdiction lies with the party who removed the case to federal court.").  In meeting their burden, Defendants may not aggregate all plaintiffs' individual damages to clear the jurisdictional bar.[3] *CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014) ("As a general rule, multiple plaintiffs cannot aggregate their separate individual claims to meet the jurisdictional amount threshold.").  Additionally, the Court must "construe removal statutes *strictly* and *against* removal." *Rhode Island v. Shell Oil Prods. Co. LLC*, 35 F.4th 44, 52 (1st Cir. 2022) (emphasis in original); *see also Gabriel v. Preble*, 396 F.3d 10, 16 (1st Cir. 2005) ("It is incumbent on the federal courts, as courts of limited jurisdiction, to be scrupulous in applying the tenets that define the limits of their subject matter jurisdiction.").  The Court must construe "any doubts about the propriety of the removal . . . against the party seeking removal." *In re Pharma. Indus. Average Wholesale Price*, 509 F. Supp. 2d 82, 89 (D. Mass. 2007).

When, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Hildreth v. Camp Planner Int'l USA Corp.*, 2019 WL 6911672, at *2 (D. Mass. Dec. 19, 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).  The "amount-in-controversy allegation should be accepted when not contested by the plaintiff." *Dart Cherokee*, 574 U.S. at 87.  However, if that allegation is

---

[2] Plaintiffs do not dispute that the parties are diverse.  Dkt. 11 at 6 n.2.

[3] This includes attorney's fees, which in a proposed class action such as this, are prorated across the class. *Mitchell v. Select Comfort Retail Corp.*, 2020 WL 4049895, at *4 (D. Mass. July 20, 2020) (collecting cases).

contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 88 (citing 28 U.S.C. § 1446(c)(2)(B)).

Here, Plaintiffs' civil cover sheet claims $60,000 in damages. *See* Dkt. 2-3 at 2. It does not delineate how that $60,000 is allocated among the multiple plaintiffs, but, in Plaintiffs' motion for remand, they assert that the $60,000 in damages covers "the entire alleged class of employees." Dkt. 11 at 5. That class, Plaintiffs allege, includes at least 40 former Newpro employees. Compl. ¶ 25. By way of example, Plaintiffs point to one of the named plaintiffs who alleges unpaid gross wages of $8,244. Dkt. 11 at 8. Even if subjected to treble damages, those alleged damages would be insufficient to reach the amount in controversy.[4] *Id.* Adding attorney's fees—which must be shared equally among *all* plaintiffs—would not clear the jurisdictional damages hurdle. *See supra* note 3. Defendants offer no additional evidence to suggest any one plaintiff's individual damages exceed $75,000. Instead, they provide multiple possible scenarios which *could* result in the required amount in controversy. Dkt. 22 at 14. But "federal courts do not possess and should not presume to exercise hypothetical jurisdiction." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 95 (1st Cir. 2008). Ultimately, Defendants, who bear the burden, have not demonstrated that the amount in controversy of any individual named plaintiff exceeds $75,000 by a preponderance of the evidence. For that reason, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

---

[4] Plaintiffs' opposition to Defendants' motion to transfer introduces new facts. Dkt. 24 at 7–8 (providing additional details about Plaintiffs' paystubs). The new paystubs—all less than $8,000—bolster Plaintiffs' argument against diversity jurisdiction. *Id.* Defendants argue that Plaintiffs used their transfer opposition as an "unauthorized" reply to Defendants' opposition to Plaintiffs' motion for remand. Dkt. 34 at 2. They ask the Court to strike this new evidence. *Id.* However, even ignoring Plaintiffs' additional facts, Defendants still fail to meet their burden to prove the amount in controversy.

### B.    Jurisdiction under 28 U.S.C. § 1452

Normally, the lack of diversity jurisdiction would end the inquiry and require remand.  But, here, Defendants also removed the case pursuant to the Court's "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334.  Dkt. 2 at 1, 6–10; *see also* 28 U.S.C. § 1452(a) (permitting removal to federal court if the district court has jurisdiction under 28 U.S.C. § 1334).  This provision grants federal courts jurisdiction over matters related to ongoing bankruptcy proceedings.[5]  *See T&K Asphalt Servs., Inc. v. DDRC Gateway, LLC¸* 976 F. Supp. 2d 38, 42 (D. Mass. 2013).  Plaintiffs do not appear to dispute that this matter "relates" to Renovo's ongoing Delaware bankruptcy proceedings.  *See* Dkt. 11 at 9.  Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1334.

### C.    Mandatory Abstention

There are, however, limits to the Court's exercise of jurisdiction.  If the Court finds that it possesses jurisdiction *only* under 28 U.S.C. § 1334, as here, it is obligated to remand the case under mandatory abstention if certain other conditions are met.  *See* 28 U.S.C. § 1334(c)(2).  A mandatory abstention inquiry into those other conditions is therefore required.  Mandatory abstention is governed by 28 U.S.C § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

[5] Jurisdiction pursuant to 28 U.S.C. § 1334 does not require a particular amount in controversy.  *See* 28 U.S.C. § 1334(b).

Here, the lone mandatory abstention question is whether the state court can timely adjudicate the matter.[6]  Dkt. 22 at 16.  The bankruptcy court—the "home court"—is better equipped than this Court to compare the timeliness of its own proceedings with those of the state court.[7]  Therefore, the Court will use its discretion to transfer the case without ruling on the motion for remand.  *See Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 B.R. 123, 128 (Bankr. D. Mass. 1984) ("The equitable considerations underlying a motion to remand are best addressed by the bankruptcy court that has the entire proceeding before it."); *see also Blue Cross & Blue Shield of Mass., Inc. v. Regeneron Pharms., Inc.*, 633 F. Supp. 3d 385, 389 (D. Mass. 2022) ("The decision of whether to transfer a case rests with the sound discretion of the court.").[8]

## III.    Conclusion

For the foregoing reasons, Defendants' motion to transfer is GRANTED.  The case is transferred to the United States District Court for the District of Delaware for referral to the United States Bankruptcy Court for the District of Delaware.  Having transferred the case, the Court declines to rule on Plaintiffs' motion for remand, leaving that decision for the bankruptcy court.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: July 22, 2026                          Judge, United States District Court

---

[6] The Court has already rejected Defendants' other argument for mandatory abstention: a lack of diversity jurisdiction.  *See* Section II.A.

[7] Defendants explicitly ask this Court to resolve their transfer motion *first*, before reaching the mandatory abstention issue.  Dkt. 14 at 15; *see also* Dkt. 22 at 11–12.  Defendants cite to out of circuit case law for the principle that "[g]enerally, courts defer to the home court of the bankruptcy to decide the issue of remand or abstention." *Thomason Auto Grp., LLC v. China Am. Co-op Automotive, Inc.*, 2009 WL 512195, at *4 (D.N.J. Feb. 27, 2009); *see also George Junior Republic in Pa. v. Williams*, 2018 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008).  The Court is not independently aware of any First Circuit precedent specifically addressing this issue.

[8] Because the Court does not rule on mandatory abstention, it need not rule on Plaintiffs' argument for permissive abstention.  *See* Dkt. 11 at 10–11.